FILED

2015 DEC 22 PM 3:54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______________

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2015 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAMI NAJM ASAD-GHANEM,
aka "Rami Ghanem,"

Defendant.

CR No. CR15-0704

I N D I C T M E N T

[22 U.S.C. §§ 2778(b)(2), (c), 22 C.F.R §§ 121.1, 123.1, 127.1(a), (e): Arms Export Control Act; 18 U.S.C. § 554: Smuggling Goods Out of the United States; 18 U.S.C. § 1956(a)(2)(A): Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done]

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant RAMI NAJM ASAD-GHANEM, also known as ("aka") "Rami Ghanem" ("defendant GHANEM"), was a citizen of the United States.

2. Between in or about July 2014 and in or about December 2015, defendant GHANEM communicated with an undercover law enforcement agent who was in Los Angeles County and elsewhere.

Defendant GHANEM communicated with the undercover law enforcement agent in person and by telephone, e-mail, and other means for the purpose of purchasing and illegally exporting from the United States weaponry and other military equipment without a license.

3. The Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"), authorized the President of the United States to control the export of "defense articles" by designating those items which shall be considered as defense articles and by promulgating regulations for the import and export of such articles.

4. Defense articles that were subject to such licensing requirements were designated on the United States Munitions List ("USML"). Those designations were made by the United States Department of State ("Department of State") with the concurrence of the United States Department of Defense ("Department of Defense"). (22 U.S.C. § 2778(a)(1); 22 C.F.R. § 120.2.)

5. Category I of the USML included firearms, close assault weapons, and combat shotguns. (22 C.F.R. § 121.1.) Subsection (a) of Category I of the USML included nonautomatic and semi-automatic firearms to caliber .50 inclusive (12.7 mm). (22 C.F.R. § 121.1.) Subsection (e) of Category I of the USML included silencers, mufflers, sound and flash suppressors for the firearms enumerated in subsections (a) through (d) thereof. (22 C.F.R. § 121.1.) Subsection (g) of Category I of the USML

included barrels, cylinders, receivers (frames) or complete breech mechanisms for the firearms enumerated in subsections (a) through (d) thereof. (22 C.F.R. § 121.1.)

6. Category III of the USML included ammunition/ordnance. (22 C.F.R. § 121.1.) Subsection (a) of Category III of the USML included ammunition/ordnance for the articles in Categories I and II of the USML. (22 C.F.R. § 121.1.)

7. Category XII of the USML included fire control, range finder, optical and guidance control equipment, such as image intensification tubes, and included certain components, parts, accessories, attachments, and associated equipment related to the same. (22 C.F.R. § 121.1.) Subsection (c) of Category XII of the USML included certain night sighting equipment, certain image intensification tubes, and certain infrared devices. (22 C.F.R. § 121.1).

8. The AECA and its attendant regulations, the International Traffic in Arms Regulations, Title 22, Code of Federal Regulations, Parts 120-130 ("ITAR"), required a person to apply for and obtain an export license from the Directorate of Defense Trade Controls ("DDTC") of the Department of State before exporting from the United States defense articles by any means. (22 U.S.C. § 2778(b)(2); 22 C.F.R. §§ 120.1, 120.17.)

9. At no time did defendant GHANEM apply for, receive, or possess a license to export defense articles related to the counts described below.

10. The following items of weaponry and other military equipment were designated on the USML and required a license to be exported from the United States to any other country:

| Commodity | Manufacturer | Model Number | Controls |
|---|---|---|---|
| Pistol | Kahr Arms | TP9 9MM | USML I(a) |
| Pistol | Kahr Arms | CW9 9MM | USML I(a) |
| Barrel | Kahr Arms | Threaded Barrel | USML I(g) |
| Suppressor | AAC | Evolution | USML I(e) |
| Ammunition | Remington | 9MM Luger 115 Grain | USML III(a) |
| Rifle | Barrett | M99 .50 CAL | USML I(a) |
| Rifle | Barrett | M95 .50 CAL | USML I(a) |
| Rifle | Barrett | 82A1 .50 CAL | USML I(a) |
| Ammunition | American Eagle | .50 CAL BMG-660 Grain | USML III(a) |
| MUNS (Night Vision Weapon Sight) | FLIR | PVS-27 | USML XII(c) |
| Night-Vision Goggle | ITT | PVS-14 | USML XII(c) |

11. The factual allegations in paragraphs 1 through 10 are incorporated in all counts of this Indictment by reference and are re-alleged as though fully set forth therein.

COUNT ONE

[22 U.S.C. §§ 2778(b)(2), (c);

22 C.F.R. §§ 121.1, 123.1, 127.1(a), (e);

18 U.S.C. §§ 2 (a), (b)]

On or about August 26, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant RAMI NAJM ASAD-GHANEM, also known as ("aka") "Rami Ghanem" ("defendant GHANEM"), knowingly and willfully exported, attempted to export, caused others to export, and aided, abetted, counseled, demanded, induced, procured, and permitted the export from the United States of the following defense articles without first having obtained from the DDTC a license or authorization to do so.

| COMMODITY |
|---|
| Kahr Arms TP9 9MM Pistol |
| Kahr Arms CW9 9MM Pistol |
| Kahr Arms Threaded Barrel |
| AAC Evolution Suppressor |
| Remington 9MM Luger 115 Grain Ammunition |
| Barrett M99 .50 CAL Rifle |
| Barrett M95 .50 CAL Rifle |
| Barrett 82A1 .50 CAL Rifle |
| American Eagle .50 Cal BMG-660 Grain Ammunition |
| FLIR PVS-27 MUNS |

| COMMODITY |
| --- |
| ITT PVS-14 Night-Vision Goggle |

COUNT TWO

[18 U.S.C. § 554; 18 U.S.C. §§ 2(a), (b)]

On or about August 26, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant RAMI NAJM ASAD-GHANEM, also known as ("aka") "Rami Ghanem" ("defendant GHANEM"), knowingly and fraudulently did, and attempted to, and willfully caused others to, receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise, articles, and objects, and aided, abetted, counseled, commanded, induced, and procured others to do the same, all prior to the exportation of the merchandise, articles, and objects, and all the while knowing that the merchandise, articles, and objects were intended for exportation contrary to a law and regulation of the United States.

Specifically, defendant GHANEM did and attempted to buy and arrange for shipment the following items, and did and attempted to cause these items to be listed on the shipping invoice as items different from those he believed would be shipped, and did and aided and abetted, counseled, commanded, induced, and procured others to do so, all the while believing that these items would be exported from the United States contrary to the law and regulations of the United States because defendant GHANEM had not applied for or obtained the necessary license for each such item.

| COMMODITY |
| --- |
| Kahr Arms TP9 9MM Pistol |
| Kahr Arms CW9 9MM Pistol |
| Kahr Arms Threaded Barrel |
| AAC Evolution Suppressor |
| Remington 9MM Luger 115 Grain Ammunition |
| Barrett M99 .50 CAL Rifle |
| Barrett M95 .50 CAL Rifle |
| Barrett 82A1 .50 CAL Rifle |
| American Eagle .50 Cal BMG-660 Grain Ammunition |
| FLIR PVS-27 MUNS |
| ITT PVS-14 Night-Vision Goggle |

COUNTS THREE AND FOUR

[18 U.S.C. § 1956(a)(2)(A)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant RAMI NAJM ASAD-GHANEM, also known as ("aka") "Rami Ghanem" ("defendant GHANEM"), transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds to a place in the United States, namely, a bank account at a bank in the Central District of California, from and through a place outside the United States, namely Jordan, with the intent to promote the carrying on of a specified unlawful activity, i.e., violating the Arms Export Control Act, Title 22, United States Code, Section 2778, and Title 22, United States Code, Parts 120-130, and unlawful smuggling in violation Title 18, United States Code, Section 554.

Counts Three and Four were two related transactions involving funds and monetary instruments of a value exceeding $10,000. Specifically, the transactions described in Counts Three and Four were payments by defendant GHANEM to an undercover law enforcement agent for the purpose of purchasing, smuggling, and illegally exporting export-controlled weapons, ammunition, and other military equipment listed on the USML without first obtaining the required license from DDTC to do so.

| COUNT | DATE | AMOUNT |
|---|---|---|
| THREE | September 2, 2015 | $89,971 |
| FOUR | October 22, 2015 | $89,971 |

A TRUE BILL

/S/

Foreperson

EILEEN M. DECKER
United States Attorney

Patricia A. Donahue

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

MELISSA MILLS
Assistant United States Attorney
Terrorism and Export Crimes Section