NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
MELISSA MILLS (Cal. Bar No. 248529)
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-0627/2253
      Facsimile:  (213) 894-2927
      Email:  Melissa.Mills@usdoj.gov
              George.Pence@usdoj.gov
CHRISTIAN E. FORD (Cal. Bar No. 264564)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC 20530
      Telephone:  (202) 233-2049
Email:  Christian.Ford@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>RAMI NAJM ASAD GHANEM,<br>  aka "RAMI GHANEM,"<br><br>            Defendant. | No. CR 15-704(A)-SJO<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 1 TO PRECLUDE ANY ARGUMENT OR REFERENCE TO MANDATORY MINIMUM SENTENCES OR SPECIFIC PENALTIES<br><br>Hearing Date: 10/22/2018<br>Hearing Time: 10:00 a.m.<br>Location:      Courtroom of the<br>                    HON. S. JAMES OTERO |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and undersigned counsel, hereby files its Government's

Motion <u>In</u> <u>Limine</u> No. 1 To Preclude Any Argument or Reference to Mandatory Minimum Sentences or Specific Penalties.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 24, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
GEORGE E. PENCE
MELISSA MILLS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

If convicted of conspiring to use and to transfer missile systems to destroy aircraft, in violation of 18 U.S.C. § 2332g, defendant Rami Ghanem faces a mandatory minimum sentence of twenty-five years in prison and a statutory maximum sentence of life in prison.  The remaining charges against defendant carry statutory maximum sentences ranging between five and twenty years' imprisonment.

In pretrial proceedings, including in discussions with the prosecution team, defense counsel has repeatedly opined that the imposition of the mandatory minimum sentence could effectively be a life sentence for this defendant.  This argument should have no place at trial, and the Court should apply longstanding Ninth Circuit law to prohibit any discussion of, or references to, mandatory minimum sentences or any of the specific punishments defendant is facing if convicted.

## II.   FACTUAL BACKGROUND

On December 22, 2015, defendant Ghanem was charged in an original four-count indictment (the "Indictment") with violations of 22 U.S.C § 2778 (Arms Export Control Act), 18 U.S.C. § 554 (smuggling), and 18 U.S.C. § 1956 (money laundering).  A superseding indictment filed on March 24, 2017, charged defendant with three additional counts alleging violations of 18 U.S.C. § 371 (conspiracy), 22 U.S.C. § 2778 (Arms Export Control Act), and 18 U.S.C. § 2332g (conspiracy to use and to transfer missile systems designed to destroy aircraft) (the "First Superseding Indictment").

On June 22, 2018, this Court granted the Government's motion to join the Indictment and the First Superseding Indictment.

As indicated above, the charges against defendant Ghanem carry statutory maximum sentences ranging between five years' and life imprisonment, and the section 2332g charge carries a 25-year mandatory minimum sentence.

## III. LAW APPLICABLE TO EVIDENCE OF POSSIBLE SENTENCES

Defendant and his counsel should be precluded from discussing both the general concept of mandatory minimum sentences and defendant's specific sentencing exposure, as that may lead the jury to base its verdict on improper considerations of punishment.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). As the Supreme Court explained in Shannon v. United States, 512 U.S. 573 (1994):

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion.

Id. at 579.

The Ninth Circuit reaffirmed this long-settled principle just this month, rejecting the defendant's argument that the district court erred in precluding him from informing the jury of the mandatory minimum sentence that he faced if convicted. See United

2

States v. Lynch, -- F.3d. --, 2018 WL 4354373, *13 (9th Cir. Sept. 13, 2018).  There, the Ninth Circuit held that the jury was not entitled to be informed of the mandatory minimum sentence because "it is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"  Id., quoting Shannon, 512 U.S. at 579.

The well-settled principle that the jury should not be informed of the punishment a defendant faces if he is convicted is reflected in the Ninth Circuit Model Jury Instruction 7.4, which provides: "The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."  Ninth Cir. Crim. Jury Instr. 7.4 (2010).  The Supreme Court and the Ninth Circuit have held that the jury should be instructed that their function is not to consider or speculate as to the punishment that may flow from their decision.  See, e.g., Rogers v. United States, 422 U.S. 35, 40 (1975) (holding the jury should have been admonished "that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); United States v. Reed, 726 F.2d 570, 579 (9th Cir. 1984) (holding that district court properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court.  It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.").

The jury's verdict should be based on the facts presented at trial, rather than on their possible sympathy for defendant or their

personal evaluation of the whether the sentence mandated by the law for a particular violation seems appropriate. <u>See, e.g.</u>, <u>United States v. Scarmazzo</u>, 554 F. Supp. 2d 1102, 1109 (E.D. Cal. 2008) (granting government's motion <u>in</u> <u>limine</u> to exclude, among other things, testimony regarding potential punishment and any mention of penalties or prison terms in "medical marijuana" case); <u>Patterson v. Runnels</u>, 288 F. Supp. 2d 1092, 1099-1100 (C.D. Cal. 2003) (Klausner, J.) ("The jury is not to consider the consequences of its verdict, and should be instructed to reach its verdict without regard to what sentence might be imposed."); <u>Lacy v. Lewis</u>, 123 F. Supp. 2d 533, 552 (C.D. Cal. 2000) (Letts, J.) (holding petitioner had no constitutional right to advise jury that he was being prosecuted under California's Three Strikes Law).

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court preclude any evidence, argument, or other reference to the mandatory minimums or defendant's sentencing exposure at trial.