NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
MELISSA MILLS (Cal. Bar No. 248529)
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
Terrorism and Export Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0627/2253
Facsimile: (213) 894-2927
Email: Melissa.Mills@usdoj.gov
George.Pence@usdoj.gov
CHRISTIAN E. FORD (Cal. Bar No. 264564)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 233-2049
Email: Christian.Ford@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAMI NAJM ASAD GHANEM,
aka “Rami Ghanem,”

Defendant.

No. CR 15-704(A)-SJO

GOVERNMENT’S MOTION TO PRECLUDE IMPROPERLY NOTICED AND IRRELEVANT DEFENSE WITNESS

Hearing Date: 10/22/2018
Hearing Time: 10:00 a.m.
Location: Courtroom of the HON. S. JAMES OTERO

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and undersigned counsel, hereby files its motion to preclude an improperly noticed and irrelevant defense witness.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 15, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

/s/
MELISSA MILLS
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The government hereby moves to preclude defendant's public-authority witness, Aref Al Zaben, whom the defendant improperly attempted to notice seven months after the Court-ordered deadline and long after the extensive litigation as to defendant's noticed public-authority defense was completed. Apart from the late timing, the witness's testimony would likely be irrelevant in light of the Court's determination, after extensive litigation, that defendant would be barred at trial from offering evidence in support of the affirmative defense of public authority. (CR 265) Moreover, if any information that defendant intends to offer through the noticed witness —— a Jordanian general with close ties to the U.S. military who previously commanded a military facility constructed and funded by the United States —— were classified, the Classified information Procedures Act (CIPA) imposes obligations on both parties[1] that might conceivably compel a delay of the October 30 trial date.

## II. FACTS

On January 31, 2018, at the request of both parties and based on considerations relevant to the Classified Information Procedures Act, the Court issued a detailed scheduling order setting forth an interdependent set of deadlines by which defendant must provide notice of intent to pursue a defense of actual or believed public authority pursuant to Rule 12.3, notice of witnesses related to that

---

[1] One of those obligations is the requirement that defendant provide notice of his intent to disclose classified information pursuant to CIPA Section 5. The Court-ordered deadline to do so has long passed, and defendant has provided no notice related to this witness.

defense, notice of intent to use classified information and other required milestones in this complex case.[2] (CR 132)

On February 22, 2018, pursuant to the scheduling order and the agreed-upon deadline, defendant filed a notice pursuant to CIPA Section 5. (CR 136) On April 9, 2018, the government filed its response, which specified that based on defendant's Section 5 notice, the government did not anticipate that pretrial or trial proceedings in this case would involve classified information. (CR 171) Thus, there have been no further proceedings involving CIPA in this case.

On February 23, 2018, pursuant to the scheduling order and the agreed-upon deadline, defendant provided notice of his intent to offer a defense of actual or believed public authority pursuant to Rule 12.3. (CR 137) Rule 12.3 required that defendant's notice specify: 1) the law enforcement agency or federal intelligence agency on whose behalf defendant claimed to have acted, 2) the agency member on whose behalf defendant claimed to have acted, and 3) the time during which defendant claimed to have acted. Defendant's notice listed one U.S. agency, namely "Homeland Security ICE," and one individual, namely a source of information (SOI) used by the government to introduce the undercover agent to defendant, as the "agency member." No other U.S. agencies were identified as purported sources of actual or believed public authority for defendant's criminal violations. Defendant's notice also listed a foreign entity, namely "Libyan Defense Ministry/Crisis Operations Management Room," and agency members as "Prime Minister Khalifa al-Ghawil and

[2] On February 27, 2018, and March 26, 2018, the Court issued modified scheduling orders with changes not directly relevant to the instant motion. (CR 134, 148)

members of the Libyan Defense Ministry/Crisis Operations Management Room."

On April 2, 2018, after failing to provide the notice of all witnesses on whom his actual or believed defense of public authority would rely, as required by Rule 12.3 and the Court's prior order, and after the Court issued a second order again requiring such notice, defendant provided notice of twelve witnesses whose testimony he intended to offer in support of his defense of public authority. Mr. Al Zaben's name was not on this list. In reliance on that mandatory witness list, the government provided its own list of responsive witnesses by the Court-ordered deadline of April 16, 2018. (CR 172)

On April 23, 2018, relying on the required defense notice and witness list and in accordance with the Court's scheduling order, the government moved to preclude the defendant's noticed defense of public authority. (CR 177) In his opposition to that motion on May 14, 2018, defendant articulated two theories of actual or believed public authority: first, that he relied on members of a Libyan faction competing for control of the government of Libya in authorizing him to violate U.S. law; and second, that he relied on purported authority allegedly conveyed by the SOI. (CR 223) Defendant never mentioned Mr. Al Zaben in his opposition papers or in his argument. The government filed a reply brief on May 21, 2018. (CR 228)

At the hearing on this motion on June 8, 2018, the Court questioned defendant's counsel at length as to whether defendant had any understanding or belief that the charged conduct was sanctioned by the U.S. government, and whether defendant could identify any source of purported public authority for his violations of U.S. law

other than Khalifa Al Ghawil, then the self-styled prime minister of the Libyan faction to whom defendant endeavored to sell weapons and ammunition. (CR 268, pp. 31-37) After the Court specifically directed defense counsel to confer with defendant on the representations being offered on defendant's behalf and in his presence at the hearing, defense counsel asserted that Mr. Al Ghwail was the only individual on whom defendant had purportedly relied in believing that the charged conduct was sanctioned:

COURT: "Okay. So just to be very specific, who do you precisely contend had the actual authority to permit Mr. Ghanem to violate U.S. law, allegedly?"

MR. STEWARD: "Khalifa Al-Ghawil, the former prime minister of Libya, one of the folks we want to depose."

COURT: "Separate and apart from that person, anyone else?"

MR. STEWARD: "Mr. Khalifa had the authority so far as my client was concerned, so he didn't need it from anybody else."

COURT: "So are you – can you identify any U.S. official whom you believe or your client believes had actual authority to permit him to violate U.S. law?"

MR. STEWARD: "No, Your Honor."

(CR 268, p. 36-37)

In a written order dated June 21, 2018, the Court granted the government's motion to preclude defendant's noticed public-authority defense. (CR 265) Finding that the SOI had no actual authority to sanction defendant's crimes, the Court held that defendant was precluded from premising an affirmative defense of public authority on his contact with the SOI. (Id.) The Court further held that

defendant was precluded as a matter of law from presenting a defense that Libyan individuals gave him public authority to commit the crimes charged. (Id.)

On Friday, September 28, 2018, the Court-ordered deadline for reciprocal disclosure of witness lists, defendant gave notice of his intent to call a single witness, namely, Mr. Al Zaben. (CR 308) According to open-source media articles, Mr. Al Zaben is a former general in the armed forces of Jordan and the former commander of the King Abdullah Special Operations Training Centre (KASOTC). KASOTC is a counterterrorism and special-operations training facility that was primarily constructed and funded by the U.S. military and retains close ties with the U.S. military, including routinely hosting training exercises for U.S. special-operations forces and joint trainings with the militaries of other nations.[3]

On Monday, October 8, 2018, the government sent an e-mail to the defense team requesting an offer of proof as to Mr. Al Zaben’s expected testimony. The government’s e-mail identified two concerns: 1) Mr. Al Zaben did not appear to have any connection to the charged offenses, giving rise to relevancy questions; and 2) given Mr. Al Zaben’s background, certain areas of testimony that he might offer could be reasonably expected to implicate classified information, a possibility that at this late juncture would give rise to potentially delay-inducing obligations on the part of both parties.[4]

---

[3] See https://asc.army.mil/docs/pubs/alt/2009/4_OctNovDec/articles/62_King_Abdullah_Special_Operations_Training_Center_%28KASOTC%29_Provides_Capabilities_for_Coalition_Forces_200904.pdf

[4] Because the notice deadline for public-authority witnesses had long passed and the public authority litigation was long-completed, the government did not anticipate that Mr. Al Zaben would be called for that purpose.

On Tuesday, October 9, 2018, the defense team replied that it would provide an offer of proof by Thursday, October 11. On Friday, October 12, 2018, during a meeting with government counsel, the defense team stated that it intended to offer the testimony of Mr. Al Zaben to support a defense of public authority. The government again requested a detailed offer of proof as to the specific facts to which the proposed witness would testify. The defense team agreed to gather and provide that information as soon as possible. Later that day, the government sent a follow-up e-mail reiterating its concerns and asking for the information no later than noon on Monday, October 15, 2018. On the afternoon of Monday, October 15, 2018, the defense team indicated that it had been unable to reach the witness but would continue trying to do so in order to address the concerns raised by the government.

**III. ARGUMENT**

Rule 12.3 articulates a clear and detailed procedure that must be followed before a defendant may offer any defense of "actual or believed public authority on behalf of a law enforcement agency or federal intelligence agency." The Court ordered defendant to provide this notice by February 23, 2018, and notice of his witnesses pursuant to Rule 12.3(a)(4)(A) by March 19, 2018, so that the issue could be fully litigated as required by the law. Defendant did ultimately provide the required notices, with no reference whatsoever to Mr. Al Zaben. The parties proceeded to litigate the notice that defendant provided, and the Court ruled on that litigation months ago. Defendant may not now, in the days before trial, identify a new surprise witness supporting a defense of actual or believed public

authority that was not subject to the robust, required, and now-completed litigation on this issue.

Beyond subverting the clear requirements of the Rules, the Court's orders, and the processes required thereby, defendant's attempt to call a foreign military official with close ties to American special forces in support of an unexplained and unnoticed defense that defendant believed his violations of U.S. law were sanctioned by the U.S. government[5] could conceivably compel a last-minute and potentially substantial delay in the trial, in the event that Mr. Al Zaben's testimony might implicate classified information.[6] Defendant's new public-authority witness should be precluded, and the case should proceed to trial on October 30 as long scheduled.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court preclude defendant from offering testimony from his improperly noticed and irrelevant public-authority witness.

---

[5] As noted above, the Court has already precluded, as a matter of law, defendant from offering a defense that his violation of U.S. law was sanctioned by foreign officials.

[6] As defendant has not provided the requested offer of proof, the government cannot seek or offer an informed opinion as to whether or not Mr. Zaben's testimony would implicate classified information. Absent such a proffer, whether Mr. Al Zaben would offer percipient, lay testimony or unnoticed expert testimony is unclear.