MICHAEL S. EVANS (SBN 146748)
350 South Grand Avenue
32th Floor
Los Angeles, California 90071
(310) 545-8192 (Telephone)
(213) 402-2023 (Facsimile)
criminaldf@aol.com (Email)

H. Dean Steward (SBN85317)
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
(949) 481-4900 (Telephone)
(949) 496-6753 (Facsimile)

Attorneys for Defendant
RAMI GHANEM

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 15-CR-704-SJO |
| Plaintiff, | DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT |
| v. | |
| RAMI GHANEM, | |
| Defendant. | |

Defendant Rami Ghanem, by and through his attorneys of record, hereby files his Objections to the Presentence Investigation Report.

DATED:   April 1, 2019             s/Michael S. Evans
                                   MICHAEL S. EVANS
                                   H. DEAN STEWARD
                                   Attorneys for Defendant
                                   RAMI GHANEM

1

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**Paragraphs 13-26**: As to the charges in Counts One-Four of the Indictment and Counts One and Two of the First Superseding Indictment, Ghanem provided a factual basis for his guilty pleas to those counts which are part of the record in this case and should be included in the Conduct section of the Presentence Investigation Report instead of the factual allegations set forth in these paragraphs.

As to the charge in Count Three of the First Superseding Indictment which became Count One of the Trial Indictment, Ghanem denies all allegations that he conspired to knowingly produce, construct, acquire, transfer, receive, possess, import, export, use, or possess and threaten to use surface to air missiles. By entering a plea of not guilty to this charge and exercising his right to a jury trial, Ghanem denied that he committed this crime and now continues to object to the allegations as they relate to this count in the Presentence Investigation Report.

**Paragraphs 35-37**: Ghanem objects to the grouping of the counts. Counts One-Four of the Indictment and Counts One and Two of the First Superseding Indictment should be grouped together because these counts involve activity relating to the same crime-exporting or smuggling arms or defense articles. Count Three of the First Superseding Indictment or Count One of the Trial Indictment is a separate and district crime from the other counts involving allegations of conspiring to use or transfer surface-to-air missiles and should not be grouped with the other six counts.

///

Count Three of the First Superseding Indictment or Count One of the Trial Indictment does not involve the same victim, same act or transaction, or the same common objective or scheme as are at issue in Counts One-Four of the Indictment and Counts One and Two of the First Superseding Indictment. In addition, none of the counts set forth above embodies conduct that is treated as a specific offense characteristic in or adjustment to, any of the Guidelines applicable to any of the other counts. See, USSG 3D1.2 (a)-(d).

**Paragraphs 38-59**: Ghanem objects to the offense level calculations set forth in these paragraphs. The proper Guideline calculation for this case is as follows:

The applicable Guideline for a violation of 18 U.S.C. § 2332g, Count Three of the First Superseding Indictment or Count One of the Trial Indictment, is USSG § 2K2.1. Pursuant to § 2K2.1(a)(5), the base offense level is 18 because the surface-to-air missiles at issue in this case involve a firearm listed in 26 U.S.C. § 5845(a). Pursuant to § 2K2.1(b)(3)(A), a 15 level increase is appropriate under this Guideline because the destructive devices involved were missiles or a device for use in launching portable missiles. The total adjusted offense level for this count is 33.

A 10 level increase should not be applied pursuant to § 2K2.1(b)(1)(E) because this offense involved only two surface-to-air missiles that were present at an airbase in Misrata, Libya. Ghanem did not enter into any agreement to sell 400 surface-to-air missiles, nor did he have 400 surface-to-air missiles available to him to

sell to any person or country. The only surface-to-air missiles available to Ghanem were the two missiles that were already present in Libya at an airbase.

A 4 level increase also should not be applied pursuant to § 2K2.1(b)(5) because Ghanem did not transfer any firearms to another person.

In addition, a 2 level increase should not be applied pursuant to § 2S1.1 because the commission of this offense did not involve any allegations of money laundering.

The applicable Guideline for Counts One and Two of the Indictment and Counts One and Two of the First Superseding Indictment is § 2M5.2. The applicable Guideline for Counts Three and Four of the Indictment is § 2S1.1. Pursuant to § 2S1.1(a)(1), the offense level for this group of offenses is derived from the underlying offenses related to the laundered funds.

Pursuant to § 2M5.2(a)(1), the base offense level for the crimes of exportation of arms without a license or smuggling of arms, the two underlying offenses related to the money laundering activities, is 26. Pursuant to 2S1.1, a 2 level increase in the offense level is appropriate because Ghanem also was convicted of laundering money as part of the crime of exporting arms without a license and smuggling arms. Pursuant to § 3E1.1(a), Ghanem is entitled to a 2 level reduction because he accepted responsibility before trial for his involvement in these crimes. This adjusted offense

level for these crimes grouped together is 26.

The combined offense level for these two groups is determined by first taking the offense level applicable to the group with the highest offense level. In this case, Count Three of the First Superseding Indictment or Count One of the Trial has the highest offense level of the two groups at 33. The total offense level should not be increased by any additional levels because the offense level for Counts One-Four of the Indictment and Counts One and Two of the First Superseding Indictment is 7 levels less serious than the offense level for Count Three of the Superseding Indictment or Count One of the Trial Indictment, thereby not requiring any increase in the total offense level for these additional counts. See, USSG § 3D1.4.

The total offense level for crimes at issue in this case is 33.

**Paragraphs 60-61**: Ghanem objects to the allegations set forth in these two paragraphs. Evidence of these allegations were not presented at trial. Ghanem has not been given an opportunity to confront and/or present evidence to defend against these allegations. Furthermore, these allegations are not relevant to the Guideline calculations and corresponding recommended sentencing range applicable to this case.

**Paragraph 99**: The District Court has determined that Ghanem is indigent, and thus does not have the ability to make an immediate payment of $300,000.00 within 90 days of sentencing.

///

**Paragraph 107**: With a total offense level of 33 and a criminal history category of I, the recommended sentencing guideline range is 135-168 months, not life as set forth in the Presentence Investigation Report.

Dated: April 1, 2019 Respectfully Submitted,

s/Michael S. Evans
MICHAEL S. EVANS
H. DEAN STEWARD
Attorneys for Defendant
RAMI GHANEM