BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

H. DEAN STEWARD
107 Avenida Miramar, Suite C
San Clemente, California 92672
Telephone No. (949) 481-4900
Facsimile No. (949) 496-6753
deansteward@fea.net

Attorneys for Defendant Rami Najm Asad-Ghanem

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMI NAJM ASAD-GHANEM,<br><br>Defendant. | Case No. 15CR00704-SJO<br><br>SUPPLEMENTAL SENTENCING MEMORANDUM AND OBJECTIONS<br><br>Hearing: August 19, 2019<br>Hearing Time: 10:00 a.m. |

Defendant, Rami Najm Asad-Ghanem, by and through his counsel of record, hereby files this Supplemental Sentencing Memorandum and Objections.

Respectfully submitted,

*s/Benjamin L. Coleman*, *s/H. Dean Steward*

Dated: August 5, 2019

BENJAMIN L. COLEMAN
H. DEAN STEWARD

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Table of authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. The Court should not apply the § 2332g sentencing provisions. . . . . . . . 1

B. U.S.S.G. § 2K2.1(b)(1)(E). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C. U.S.S.G. § 2X1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Proof of service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

## CASES

*Alleyne v. United States*, 570 U.S. 99 (2013). . . . . 4

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). . . . . 3

*Blakely v. Washington*, 542 U.S. 296 (2004). . . . . 4

*Jones v. United States*, 135 S. Ct. 8 (2014). . . . . 4

*Jones v. United States*, 526 U.S. 227 (1999). . . . . 4

*United States v. Azeem*, 946 F.2d 13 (2d Cir. 1991). . . . . 2

*United States v. Bell*, 808 F.3d 926 (D.C. Cir. 2015). . . . . 4

*United States v. Booker*, 543 U.S. 220 (2005). . . . . 3,5

*United States v. Brown*, 892 F.3d 385 (D.C. Cir. 2018). . . . . 4

*United States v. Chao Fan Xu*, 706 F.3d 965 (9th Cir. 2013). . . . . 2

*United States v. Hagman*, 740 F.3d 1044 (5th Cir. 2014). . . . . 2

*United States v. Jordan*, 256 F.3d 922 (9th Cir. 2001). . . . . 3

*United States v. Martinez-Martinez*, 156 F.3d 936 (9th Cir. 1998). . . . . 5

*United States v. Pimentel-Lopez*, 828 F.3d 1173 (9th Cir. 2016). . . . . 4

*United States v. Settles*, 530 F.3d 920 (D.C. Cir. 2008). . . . . 4

*United States v. Staten*, 466 F.3d 708 (9th Cir. 2006). . . . . 3

*United States v. Watts*, 519 U.S. 148 (1997). . . . . 3

**STATUTES, GUIDELINES, AND MISCELLANEOUS**

18 U.S.C. § 2332g. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
18 U.S.C. § 3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
U.S.S.G. § 1B1.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
U.S.S.G. § 2K2.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
U.S.S.G. § 2X1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,5,6
*Trabelsi v. Belgium*, No. 140/10 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION

Defendant, Rami Najm Asad-Ghanem, respectfully submits this Supplemental Sentencing Memorandum and Objections. *First*, for the reasons stated in Mr. Asad-Ghanem's post-trial motions, the Court should not apply the statutory and guidelines sentencing provisions applicable to 18 U.S.C. § 2332g. *Second*, Mr. Asad-Ghanem raises further legal arguments in support of his objection to the 10-level increase under U.S.S.G. § 2K2.1(b)(1)(E). *Third*, if this Court applies a 10-level increase under § 2K2.1(b)(1)(E), then it should apply a 3-level decrease under U.S.S.G. § 2X1.1.

## BACKGROUND

Mr. Asad-Ghanem has filed objections to the Presentence Report ("PSR"). In response, the government has filed a sentencing memorandum ("GSM") in which it requests that the Court apply the following Sentencing Guidelines calculations to the § 2332g count under U.S.S.G. § 2K2.1:

| | |
|---|---|
| Base offense level | 18 |
| Offense involving missiles | +15 |
| More than 200 missiles | +10 |
| Total offense level | 43 |

GSM 27-28. Under the government's calculations, the total offense level of 43 results in a guidelines range of life imprisonment.

## ARGUMENT

### A. The Court should not apply the § 2332g sentencing provisions

In his post-trial motions, Mr. Asad-Ghanem has contended that, for a variety of reasons including the rule of specialty, the Court should not sentence him pursuant to the statutory and guidelines provisions applicable to the § 2332g charge, which, according to the government's calculations, recommend a sentence of life imprisonment without the possibility of parole. As discussed in the motions, the purported extension of extradition to include the § 2332g charge was invalid, and the government secured the purported extension without providing notice to Mr. Asad-Ghanem, thereby depriving him of his

right to contest the request. At the very least, Mr. Asad-Ghanem could have sought a limitation on the sentencing provisions of § 2332g under *Trabelsi v. Belgium*, No. 140/10 (2015), where the European Court of Human Rights held that extradition to the United States for a federal offense carrying a maximum of life imprisonment violates Article 3 of the European Convention on Human Rights. Greece is a party to the Convention. Furthermore, the 25-year mandatory minimum penalty is akin to a life sentence given Mr. Asad-Ghanem's age, health concerns, and the shortened life expectancy for inmates incarcerated for such a lengthy period of time. Accordingly, the Court should not apply the statutory and guidelines provisions associated with § 2332g.

**B. U.S.S.G. § 2K2.1(b)(1)(E)**

If the Court does apply the guidelines for § 2332g, then Mr. Asad-Ghanem continues to object to the 10-level increase under U.S.S.G. § 2K2.1(b)(1)(E). The government is seeking the increase for 200 or more missile systems based on foreign conduct that, at most, constituted mere solicitations that never materialized into any type of agreement or substantial step in effectuating a transaction for a missile system. GSM 29-30. Congress, however, has determined that extraterritorial jurisdiction only applies to attempts and conspiracies, not mere solicitations. *See* 18 U.S.C. § 2332g(c). Accordingly, Mr. Asad-Ghanem's offense level cannot be increased for this foreign conduct. *See United States v. Chao Fan Xu*, 706 F.3d 965, 993 (9th Cir. 2013), *abrogated on other grounds by RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016); *United States v. Azeem*, 946 F.2d 13, 17-18 (2d Cir. 1991).

In addition to the foreign conduct prohibition, the guideline itself does not contemplate an increase for mere solicitations. Application note 5 to § 2K2.1 uses the language, "*attempted* to obtain," demonstrating that a mere solicitation does not suffice. There is no evidence that Mr. Ghanem or any of his coconspirators actually possessed or distributed 200 or more surface-to-air missiles, lawfully or not, or engaged in substantial steps thereby constituting an attempt to do so. *See United States v. Hagman*, 740 F.3d 1044, 1048-51 (5th Cir. 2014). The evidence the government proffers proves, at most,

solicitations for the sale of surface-to-air missiles. But soliciting the sale of a missile possessed by a third party is not the same as attempting to obtain one. Because the evidence does not establish, much less by clear and convincing evidence, that the offense involved 200 or more surface-to-air missiles, this Court should not apply the enhancement. *See, e.g.*, *United States v. Staten*, 466 F.3d 708, 717 (9th Cir. 2006); *United States v. Jordan*, 256 F.3d 922, 929 (9th Cir. 2001).

Furthermore, it violates the Fifth and Sixth Amendments to use judge-found facts to support *dramatic* increases under the Sentencing Guidelines and to determine the reasonableness of a sentence under 18 U.S.C. § 3553(a). The 10-level enhancement constitutes a dramatic increase under the Sentencing Guidelines—increasing Mr. Asad-Ghanem's guideline range from 135-168 months to life imprisonment. The jury never made any findings supporting this dramatic increase, and therefore the increase violates the Fifth and Sixth Amendments under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.

Despite the government's frequent reliance on *United States v. Watts*, 519 U.S. 148 (1997) to refute *Apprendi* challenges to applications of the Sentencing Guidelines, that opinion did not address whether applying *dramatic* increases under the guidelines based on judge-found facts violates *Apprendi*. *Watts* was decided before *Apprendi* and focused on the Double Jeopardy Clause, not the Sixth Amendment. Even putting this important distinction aside, *see United States v. Booker*, 543 U.S. 220, 240 n.4 (2005), *Watts* did not address *dramatic* increases under the guidelines. In *Watts*, the Court considered two companion cases and concluded that a sentencing court could consider acquitted conduct in determining a guidelines increase. One defendant's guidelines calculations were enhanced by two levels, *see Watts*, 519 U.S. at 150, while the other defendant's range was increased from 15-21 months to 27-33 months. *Id.* at 163 (Stevens, J., dissenting). Thus, the question of *dramatic* guidelines increases was not presented in *Watts*, and the Court specifically stated that it was not presented with "dramatic[]" increases under the guidelines and was not considering that issue. *Id.* at 156-57. While

the Supreme Court subsequently held that the Sentencing Guidelines were advisory in *Booker* in response to opinions like *Apprendi* and *Blakely v. Washington*, 542 U.S. 296, 303 (2004), *Booker* also did not address *dramatic* guidelines increases.

While the definition of a dramatic increase under the Sentencing Guidelines can be debated, there can be little question that the 10-level increase in this case so qualifies. Indeed, the 10-level increase enhances the sentencing range well beyond the 2-year increase in minimum penalty that triggered the constitutional violation in *Alleyne v. United States*, 570 U.S. 99 (2013). Given *Alleyne* and the limited holdings of *Watts* and *Booker*, this Court should conclude that it cannot apply a *dramatic* 10-level increase generating a potential guidelines range of life imprisonment based on judge-found facts.

Similarly, reliance on judicial fact-finding to determine the reasonableness of a sentence under § 3553(a) violates the Fifth and Sixth Amendments. *See Jones v. United States*, 135 S. Ct. 8 (2014) (Scalia, J., joined by Justices Thomas and Ginsburg, dissenting from the denial of *certiorari*) ("but for the judge's finding of fact, [petitioners'] sentences would have been 'substantively unreasonable' and therefore illegal[,]" and thus "their constitutional rights were violated"). In *Jones*, Justice Scalia explained that such a constitutional rule "unavoidably follows" from the *Apprendi* line of precedent. *Id.* In short, "[i]ncarceration without conviction is a constitutional anathema." *United States v. Brown*, 892 F.3d 385, 409 (D.C. Cir. 2018) (Millett, J., concurring).

This Court can also avoid the constitutional questions raised above by prohibiting, as a matter of statutory and common law, the use of judge-found facts to support *dramatic* increases under the Sentencing Guidelines and to justify the reasonableness of a sentence under § 3553(a). *See, e.g.*, *Jones v. United States*, 526 U.S. 227, 239-52 (1999). Justice Kavanaugh has endorsed this view, *see United States v. Bell*, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring in the denial of rehearing *en banc*); *see also Brown*, 892 F.3d at 415 (Kavanaugh, J., dissenting); *United States v. Settles*, 530 F.3d 920, 923-24 (D.C. Cir. 2008), and the Ninth Circuit reached a similar conclusion in *United States v. Pimentel-Lopez*, 828 F.3d 1173, 1175-78 (9th Cir. 2016).

The Sentencing Guidelines state: "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, *unless otherwise prohibited by law*." U.S.S.G. § 1B1.4 (emphasis added). Under its supervisory power, this Court can certainly hold that utilizing judge-found facts to support *dramatic* increases under the Sentencing Guidelines is "prohibited by law" in order to avoid the constitutional questions raised above. Such action would be similar to what the Supreme Court did in *Booker*. *See Booker*, 543 U.S. at 246-48. For all of these reasons, this Court should not apply the dramatic 10-level increase.

**C. U.S.S.G. § 2X1.1**

Finally, if this Court overrules Mr. Asad-Ghanem's objections and applies the 10-level increase under § 2K2.1(b)(1)(E), then it should also apply a 3-level reduction under U.S.S.G. § 2X1.1. Section 2X1.1 provides for a three-level reduction for conspiracies "unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." U.S.S.G. § 2X1.1(b)(2). Conspirators are not "about to complete" a substantive offense "unless the remaining steps to be taken in the commission of a crime are so insubstantial that the commission of the substantive offense is inevitable, barring an unforeseen occurrence that frustrates its completion." *United States v. Martinez-Martinez*, 156 F.3d 936, 939 (9th Cir. 1998). In *Martinez-Martinez*, the Ninth Circuit held that the 3-level reduction applied where the defendants' "boss" still needed to approve their contemplated actions. *Id.* at 939-40. Here, given that no sale of 200 or more missiles would occur without a purchaser, the exchange of 200 or more missiles was not inevitable. Therefore, if this Court applies the 10-level increase under § 2K2.1(b)(1)(E), it must also apply a 3-level decrease under § 2X1.1.(b)(2). *See* U.S.S.G. § 2X1.1 comment. (n.4).

**CONCLUSION**

For the foregoing reasons, the Court should not apply the § 2332g sentencing provisions. If it does so, it should not apply the 10-level increase under § 2K2.1(b)(1)(E). If it does apply the 10-level increase, it should also apply a 3-level decrease under § 2X1.1.

Respectfully submitted,

*s/Benjamin L. Coleman*, *s/H. Dean Steward*

Dated: August 5, 2019

BENJAMIN L. COLEMAN
H. DEAN STEWARD

*Attorneys for Defendant*

**PROOF OF SERVICE**

I hereby certify that, on August 5, 2019, I electronically filed the attached Reply with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2019, at San Diego, California.

*s/Benjamin L. Coleman*
BENJAMIN L. COLEMAN